USCA1 Opinion

 

 July 23, 1993 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ___________________ No. 93-1481 RICHARD G. PERREAULT, Plaintiff, Appellant, v. HARRIET FISHMAN, ETC., ET AL., Defendants, Appellees. __________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE [Hon. Shane Devine, U.S. District Judge] ___________________ ___________________ Before Breyer, Chief Judge, ___________ Selya and Boudin, Circuit Judges. ______________ ___________________ Richard G. Perreault on brief pro se. ____________________ Jeffrey R. Howard, Attorney General, and Susan S. Geiger, __________________ ________________ Senior Assistant Attorney General, on brief for appellees, The Honorable Harriet Fishman, The Honorable Bruce Mohl, and The Honorable David A. Brock __________________ __________________ Per Curiam. We affirm the judgment dismissing ___________ plaintiff's action substantially for the reasons stated by the district court. Having had an opportunity to challenge the child support award in state court, plaintiff may not raise in federal court either the same challenges or new ones which could have been presented to the state court. Migra v. _____ Warren City School Dist. Bd. of Education, 465 U.S. 75, 81 ___________________________________________ (1984) ("a federal court must give to a state court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered"); Marine Construction Corp. v. First Southern ___________________________ _______________ Leasing, Ltd., 129 N.H. 270, 274-75, 525 A.2d 709, 712 (1987) _____________ (barring all theories which could have been raised in the earlier litigation; "[t]he central policy 'exemplified by the free permissive joinder of claims, liberal amendment provisions, and compulsory counterclaims, is that the whole controversy between the parties may and often must be brought before the same court in the same action'"); Restatement (Second) of Judgments 22(2)(b). There is no merit to plaintiff's claim that the New Hampshire Supreme Court denied him due process by summarily rejecting his appeal. Lindsey v. Normet, 405 U.S. 56,8 77 _______ ______ (1972) (no constitutional right to an appeal). Plaintiff's request for oral argument is denied, and the judgment is affirmed. -2- Affirmed. ________ -3-